May Term, 1846.

Owen
v.
Moore.

---

Owen *v.* Moore, Administrator.

If a suit in a justice's Court, in which the defendant is entitled to the general issue, be certified to the Probate Court, the trial in the latter Court should be by jury though the defendant fail to appear there.

ERROR to the *Fayette* Probate Court.

Tuesday,
June 2.

Dewey, J.—*Moore*, the administrator of *Reed*, sued *Owen* before a justice of the peace in assumpsit on an account in favour of the intestate for 30 dollars and 57 cents. The defendant filed a set-off of 25 dollars. He was also entitled to the benefit of the general issue. The plaintiff required the justice to certify the cause to the Probate Court, which was done. The defendant failed to appear in that Court, which, after hearing evidence, assessed the damages, and rendered a judgment against the defendant for the amount of the plaintiff's claim, and for costs.

The statute in force when this suit was commenced and tried, and which required causes like this to be certified by the justice to the Probate Court, provided that the latter Court should hear and determine the transferred suit in the

May Term, 1846.

same manner as if it had been originally commenced there. Laws of 1832, p. 251. And by another statute issues of fact, in causes commenced in the Probate Court, were required to be tried by a jury, unless a jury were waived by the parties. R. S. 1838, p. 174. As the defendant was entitled to the benefit of the general issue, his non-appearance in the Probate Court did not dispense with a jury. The cause should have proceeded in the same manner as if he had appeared. *Maddox* v. *Pulliam*, 5 Blackf. 205. The judgment is therefore erroneous.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Ryman* and *P. L. Spooner*, for the plaintiff.
*C. B. Smith*, for the defendant.